IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

    Plaintiff,                            No. CIV S-12-1007 CKD P

    vs.

JAMES WALKER,                           ORDER AND

    Defendant.                        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with an action for relief under 42 U.S.C. § 1983. His complaint contains four claims: (1) that his trial counsel was ineffective; (2) that shortly before or during his arrest officers with the Sacramento Police Department violated his Fourth Amendment right against unreasonable search and seizure; (3) that his rights against double jeopardy and self-incrimination were violated; and (4) state law claims related to alleged insurance fraud.

I.  Screening analysis

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

### A. Screening standards

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

B. Plaintiff's federal claims

When a state prisoner challenges the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). When a state prisoner challenges the legality or duration of his custody and the relief he seeks is an order for earlier or immediate release, the prisoner has stated a claim for habeas relief under 28 U.S.C. § 2254, not a civil rights claim under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

In Heck v. Humphrey, 512 U.S. 477 (1994) the Supreme Court ruled a § 1983 action that would necessarily call into question the lawfulness of a plaintiff's conviction is not cognizable unless the plaintiff can show his conviction has been reversed. Id. at 486-87. The Court stated that a "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90 (footnote omitted). Any such claim must be dismissed. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995).

The Ninth Circuit has held that Heck bars claims challenging the constitutionality of an arrest, prosecution and eventual conviction where a judgment in favor of the plaintiff would imply the invalidity of that conviction. See Guerrero v. Gates, 442 F.3d697, 703 (9th Cir. 2006) (Heck barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir.1998) (Heck barred plaintiff's false arrest and false imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir.1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). The Ninth Circuit has also found that a civil rights action seeking damages for an allegedly illegal search and seizure upon which criminal charges are based is barred by Heck until the charges are dismissed or the conviction overturned. See Harvey v. Waldron, 210 F.3d 1008, 1015-16 (9th Cir. 2000).

1            Plaintiff seeks damages for his claims.  He also appears to demand a reduction in
2    his sentence, although the exact parameters of that reduction are not entirely clear.  See
3    Complaint at 4.  His claims for illegal search and seizure, double jeopardy, and violation of his
4    right against self-incrimination would, if successful, imply the invalidity of his conviction.  To
5    the extent he seeks damages for those claims, they are barred under Heck.  To the extent he seeks
6    modification of his sentence because of those alleged violations, he must aver them in a petition
7    for writ of habeas corpus under 28 U.S.C. § 2254.
8            Plaintiff's allegation that he received ineffective assistance of counsel does not
9    state a claim under § 1983.  Regardless of whether his lawyer was a public defender or a private
10   attorney, criminal defense attorneys are not considered state actors.  They are therefore not bound
11   by the obligations of the Civil Rights Act.  See Polk County v. Dodson, 454 U.S. 312 (1981);
12   Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir. 2003).  To the extent any relief is
13   available for ineffective assistance of counsel in violation of the Sixth Amendment, plaintiff
14   must seek it through a petition for writ of habeas corpus.
15           If a complaint states claims that sound in habeas, the court should not convert the
16   complaint into a habeas petition.  See Trimble, 49 F.3d at 586; Craver v. Franco, 2008 WL
17   191056 at *3 (E.D.Cal.).  The proper course, instead, is to dismiss the claims without prejudice
18   to plaintiff's right to reassert them in a habeas petition.  Id.
19           The court concludes that any claims for damages are either barred by Heck v.
20   Humphrey or fail to state a cause of action under § 1983.  Any claims that plaintiff asserts as the
21   basis for a reduction in his sentence must appear in a petition for writ of habeas corpus.  In light
22   of the foregoing authority, these conclusions warrant dismissal of all federal claims without
23   prejudice.
24           C.  Plaintiff's state law claims
25           Finally, plaintiff has vaguely averred a state law claim related to an allegation of
26   insurance fraud.  Under 28 U.S.C. § 1367, if a district court has original jurisdiction over a claim,

1  it also "shall have supplemental jurisdiction over all other claims that are so related to claims in
2  the action within such original jurisdiction that they form part of the same case or controversy
3  under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  The court must
4  exercise supplemental jurisdiction unless it is prohibited by § 1367(b) or unless one of the
5  exceptions of § 1367(c) applies.  Executive Software North America, Inc. v. U.S. Dist. Court for
6  Cent. Dist of California, 24 F.3d 1545, 1556-57 (9th Cir.1994) (overruled on other grounds,
7  Cailfornia Dept. Of Water Resources v. Powerex Corp., 533 F.3d 1087, 1091 (9th Cir. 2008)).
8  The district court may, in its discretion, decline to exercise supplemental jurisdiction over a state
9  law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially
10 predominates over the claim or claims over which the district court has original jurisdiction; (3)
11 the district court has dismissed all claims over which it has original jurisdiction; or (4) in
12 exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28
13 U.S.C. § 1367(c).

14         The court's conclusion that plaintiff's federal claims should be dismissed satisfies
15 the third condition listed above.  The court should exercise its discretion to decline supplemental
16 jurisdiction and dismiss the state law claims without prejudice.

17         Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign
18 a district judge to this action.

19         IT IS HEREBY RECOMMENDED that all claims be dismissed without prejudice
20 and this case closed.

21         These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
23 one days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within fourteen days after service of the objections.  The parties are

1 | advised that failure to file objections within the specified time may waive the right to appeal the
2 | District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | Dated: May 25, 2012

                                            */s/ Carolyn K. Delaney*
                                            CAROLYN K. DELANEY
                                            UNITED STATES MAGISTRATE JUDGE

3
sugg1007.57